# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:12CV212-MOC-DSC

| | |
|---|---|
| ERNIE S. BALDWIN, ) | |
| ) | |
| Plaintiff, ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | |
| v. ) | |
| ) | |
| DUKE ENERGY ) | |
| CORPORATION and DUKE ) | |
| ENERGY BUSINESS SERVICES ) | |
| LLC, INC., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on "Defendants' Partial Motion to Dismiss ..." (document #16), as well as the parties' briefs and exhibits. See documents ##17, 22 and 25.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion be granted in part and denied in part, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is an action for damages and equitable relief under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"), the Family Medical Leave Act, 29 U.S.C. § 2601 et. seq. ("FMLA"), and North Carolina common law and public policy.

Accepting the factual allegations of the Amended Complaint as true, Defendants employed Plaintiff as a computer programmer on an independent contractor basis in 1993. Plaintiff remained in that position until January 2005, when Defendants hired him in the Power Delivery Information Technology department. In 2010, Plaintiff's direct supervisor was Barbara ("Bobbie") Rozzelle, who reported to David Johnston in the Nuclear Energy Safety and Protection Applications Department.

In September 2009, Plaintiff told Rozelle that he had cancer. Rozelle responded with detailed questions about Plaintiff's diagnosis and long term prognosis. She also kept notes about the type of cancer, treatments, location of treatments, names of the chemotherapy medications Plaintiff had taken, and the long term toxicities of those drugs, including the likelihood that he would develop secondary leukemia.

Plaintiff further alleges that while he was out of work for cancer surgery, Rozelle told co-workers that he would not be returning to work and removed all of the belongings from his cubicle. After the surgery, Rozelle refused to allow Plaintiff to return to work until requested to do so three times by the Human Resources department. In January 2010, on the day before Plaintiff's second cancer-related surgery, Rozelle presented him with an unfavorable performance evaluation composed of allegedly false statements. She did not record his time while he was out for surgery, and impeded his return to work again. Rozelle required a letter from his physician, suspended his employee badge, and again refused to sign a return to work form until pressured to do so by the Human Resources department. She also wanted to review his medical records.

In April 2010, Plaintiff was given a written performance review which materially contradicted his interim performance review written in January 2009 - before his managers learned that he had cancer. Plaintiff was terminated on August 16, 2010.

On November 23, 2011, Plaintiff filed his Complaint in Mecklenburg County Superior Court

which, as amended, alleges four causes of action under Title VII, the ADA, the FMLA, and North Carolina common law and public policy. In his ADA claim, Plaintiff alleges that he has a "disability" within the meaning of the ADA because his employer regarded him as having such an impairment. See 42 U.S.C. § 12102(1).2(C). The Amended Complaint also contains a fifth cause of action entitled "Fifth Claim for Relief (Equitable Relief and Damages)."

On April 4, 2012, Defendant removed the case to the United States District Court for the Western District of North Carolina, asserting the existence of federal question subject matter jurisdiction. Removal has not been challenged and appears proper.

On May 18, 2012, Defendants filed their Partial Motion to Dismiss, contending Plaintiff has failed to plead sufficient facts to show that he was regarded as disabled under the ADA. Defendants also maintain that Plaintiff's Fifth Claim for Relief is not an independent cause of action and merely duplicative of the relief sought in his Prayer for Relief.

Defendants' Motion has been fully briefed and is ripe for determination.

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to

3

relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009), quoting Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. 129 S. Ct. at 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1951 (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true), citing Twombly, 550 U.S. at 554-55. Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1951. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id., quoting Fed. R. Civ. P. 8(a)(2). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for

4

relief is not plausible. Id. at 1951-52.

**B. ADA Claim**

Title I of the ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to ... discharge of employees ... and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To establish a prima facie case of discriminatory firing under Title I, a plaintiff must prove: (1) he has a "disability"; (2) he is a "qualified individual"; and (3) in "discharging [him], [his] employer discriminated against him because of his disability." Martinson v. Kinney Shoe Corp., 104 F.3d 683, 686 (4th Cir.1997) (citation omitted) (discussing section 12112(a)).

The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).2.

Under an amendment to the ADA which became effective on January 1, 2009, an employee is regarded as disabled "if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A).[1] "In other words, an employee may be 'regarded as disabled' if discriminated against because of an actual or perceived impairment regardless of whether it has any disabling effect. … It is enough that the perceived impairment is perceived to 'limit' (not 'substantially limit') a major life activity." Rosen, Rothstein, Aspen, et al., Rutter Group Prac. Guide: Federal Employment

---

[1] As Plaintiff points out in his brief, Defendants base this portion of their Motion on three unpublished District Court decisions that predate this amendment to the ADA.

5

Litigation (The Rutter Group 2012). The ADA definition of "major life activity" specifically includes reading, concentrating, thinking, communicating, working, and the operation of major bodily functions including normal cell growth. 42 U.S.C. § 12102(2).

Taken as true and construed in the light most favorable to the Plaintiff, the factual allegations of the Amended Complaint raise a reasonable inference, Iqbal, 129 S.Ct. at 1949, that the Defendants' managers discriminated against Plaintiff because they perceived that his cancer limited the major life activities of concentrating, thinking, communicating, working, and normal cell growth. 42 U.S.C. § 1202(3)(A). While Plaintiff was away, Rozelle removed belongings from his cubicle, told co-workers that he would not be returning to work, and impeded his return to work. Rozelle also gave Plaintiff an unfavorable and allegedly false performance review which differed from an earlier interim review that he had received before his superiors learned of his illness. For these reasons, and the other reasons set forth in Plaintiff's brief, the undersigned respectfully recommends that Defendants' Motion to Dismiss Plaintiff's ADA claim be denied.

### C. Claim for Punitive Damages and Equitable Relief

It is well-established that claims for equitable relief and punitive damages are not separate causes of action, but rather constitute requests for relief. Haylash v. Volvo Trucks N.A., Inc., 1998 U.S. Dist. LEXIS 12511 at *8-9 (M.D.N.C.. April 10, 1998). Plaintiff's Complaint includes claims for federal and state violations as well as a separate cause of action for equitable relief and punitive damages. In Haylash, the plaintiff asserted ADA violations as well as separate causes of action for punitive damages and equitable relief. There, the court dismissed plaintiff's punitive damages and equitable relief claims and held that it would consider punitive damages and equitable relief as part of the plaintiff's prayer for judgment in connection with his surviving ADA claim. Id. at *9.

This Court has held that in the context of a complaint alleging Title VII violations, punitive damages are not an independent cause of action and must be preceded by Title VII or compensatory damages liability. Parker v. D.R. Kincaid Chair Co., Inc., 2011 U.S. Dist. LEXIS 85061 at *26 (N.C.W.D. August 2, 2011). In Parker, the Court explained that "[t]o recover an award of punitive damages in a Title VII claim, a plaintiff must demonstrate that the defendant engaged in aggravated conduct, and prove that defendant 'engaged' in a discriminatory practice…with malice or reckless indifference to [plaintiff's] federally protected rights." Id. at *26-27 (citations omitted). "The terms 'malice' and 'reckless indifference' refer to the employer's knowledge that it may be acting in violation of federal law." Id. at *27 (citations omitted.)

Likewise, courts have specifically held that claims for injunctive relief are not separate causes of action. Housecalls Home Healthcare v. U.S. HHS, 515 F. Supp. 2d 616, 627 (M.D.N.C. July 23, 2007) ("While the claim for injunctive relief is set out as a separate cause of action, it is really nothing more than a form of possible relief that can be awarded once a party has prevailed on another cause of action."); See also Laws v. Priority Tr. Servs. of N.C., LLC, 610 F. Supp. 2d 528, 532 (N.C.W.D. March 16, 2009) (dismissing plaintiff's separate claim for injunctive relief, holding that it was a remedy rather than a separate cause of action, and noting that "North Carolina law appears to be well-settled in this regard.").

Because well-established case law holds that claims for punitive damages and equitable relief are not independent causes of action, the undersigned respectfully recommends that Plaintiff's Fifth Cause of Action be dismissed.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendants' Partial Motion to Dismiss ..." (document #16) be **GRANTED IN PART** and

**DENIED IN PART**, that is, **GRANTED** as to Plaintiff's "Fifth Claim for Relief (Equitable Relief and Damages)" and **DENIED** in all other respects.

### IV.  NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same.  Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: July 13, 2012

David S. Cayer
United States Magistrate Judge