IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cv212

| | |
|---|---|
| ERNIE BALDWIN,           )<br>                          )<br>    Plaintiff,           )<br>                          )<br>Vs.                       )<br>                          )<br>DUKE ENERGY CORPORATION; and )<br>DUKE ENERGY SERVICES,     )<br>                          )<br>    Defendants.           )<br>_____) | ORDER |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed plaintiff within the time allowed and defendants have filed a timely response.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985);

-1-

Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

Plaintiff objects to the recommendation that his fifth cause of action for punitive damages and equitable relief be dismissed for failure to state a cause of action. Such objection is without merit as the law is well settled as to both federal claims and state-law claims that a "claim" for damages is not a freestanding cause of action. North Carolina does not recognize a "cause of action" for punitive damages. Instead, punitive damages and equitable relief may be sought in an *ad damnum* clause or, as the magistrate judge found, a prayer for relief for damages for some other tort that would support punitive damages. As a general rule, "[p]unitive damages do not and cannot exist as an independent cause of action, but are mere incidents of the cause of action and can never constitute a basis for it. If the injured party has no cause of action independent of a supposed right to recover punitive damages, then he has no cause of action at all." J. Stein, *Damages and Recovery* § 195 at 389 (1972). North Carolina follows this general rule of law. Hawkins v. Hawkins, 101 N.C.App. 529, 532 (1991). In North Carolina,

> punitive damages may be awarded only if a claimant proves that the defendant is liable for compensatory damages and that the defendant is guilty of fraud, malice, or willful or wonton conduct.

Combs & Associates, Inc. v. Kennedy, 147 N.C.App. 362, 374 (2001) (citation omitted). Further, it appears that

> Punitive damages may be awarded against a person only if that person participated in the conduct constituting the aggravating factor giving rise to the punitive damages, or if, in the case of a corporation, the officers, directors, and managers of the corporation participated in or condoned the conduct constituting the aggravating factor giving rise to punitive damages.

-2-

Case 3:12-cv-00212-MOC-DSC   Document 32   Filed 08/17/12   Page 2 of 4

Phillips v. Restaurant Management of Carolina, L.P., 146 N.C.App. 203, 215-16 (2001) (citation omitted). In North Carolina, the aggravating factors that will justify imposition of punitive damages are set forth by statute: "(1) fraud, (2) malice, or (3) willful or wanton conduct." N.C. Gen.Stat. § 1D-15(a). Finding that plaintiff cannot assert punitive damages as an independent cause of action, the court will adopt the recommendation of the magistrate judge and dismiss the fifth cause of action. Such allegations will, however, be considered as part of the prayer for relief or *ad damnum* clause as if fully set out therein. Thus, plaintiff's pending Motion to Amend will be denied as moot.

After such careful review, the court determines that recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#26) is **AFFIRMED,** plaintiff's Objection (#29) is **OVERRULED**, plaintiff's Motion to Amend (#27) is **DENIED,** and defendant Motion to Dismiss (#16) is **GRANTED in part** and **DENIED in part** as follows:

(1) defendant's Motion to Dismiss plaintiff's ADA claim is **DENIED**; and

(2) defendant's Motion to Dismiss plaintiff's Fifth Claim for Relief is **GRANTED**, and the allegations contained in such request for relief are incorporated by reference into plaintiff's prayer for relief or *ad damnum* clause without further amendment.

Signed: August 17, 2012

Max O. Cogburn Jr.
United States District Judge